Fausto A. Garcés, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 1141. Submitted April 13, 1944.—Decided June 8, 1944.

*J. A. Surís Agrait* for appellant. The registrar appeared by brief.

Mr. Justice Snyder delivered the opinion of the court.

By public deed executed on February 18, 1944, Rosario Capriles Atresino, as owner of an urban property located in the town of San Germán, constituted a servitude in favor of Fausto Garcés, owner of the farm which was to be the dominant tenement. Said servitude was to consist in not using the front portion of her farm, upon which a pump for the sale of gasoline was located. By said deed it was agreed that the owner of the servient tenement "consents to remove the pump located on the front portion of her farm and agrees not to use said front portion in order to give a good view to the farm belonging to the party of the second part, who binds himself not to use said farm in any way whatsoever or to permit anyone else to use it, by constructing any building or nuisance that may obstruct the view between the two farms."

The registrar refused to register the deed, making the following entry:

"The inscription of this document is hereby denied because the alleged servitude consists in prohibiting Miss Capriles Atresino from using the front portion of her farm in order to give a good view to the farm belonging to Mr. Garcés, it not being clearly expressed whether or not that front portion, the use of which is prohibited, is

located within the limits of the farm upon which the servitude is constituted and, if it is within the limits of the farm, what its measurements and area are. . .''

One of the purposes of the registry is to give the general public detailed information, in order that persons dealing with real property may determine the exact status thereof. When a servitude is constituted the measurement and area of the land affected thereby must therefore be unequivocally established. If the purpose of the owner of the servient tenement in constituting the servitude herein was to bind herself not to use the front portion of her property, she should have established clearly the measurement and area which that prohibition embraced. It was imperative that not only the front measurement but the measurement in depth of the portion of land subject to the servitude be definitely indicated (§9, paragraph 2, Mortgage Law).

The order of the registrar will be affirmed.